Okey, J.
The single question is whether Davis was liable to a personal judgment for the assessment. The chapter on sewers in the municipal code (66 Ohio L. 119, §§ 612, 611), provided, among other modes for assessing the cost and expense of constructing main and local sewers, that it might be done according to frontage.
Section 629 of the same chapter was as follows: “ All assessments made under the provisions of this chapter shall be a lien on the lots or lands assessed. They shall be transferable, and may bo collected against the owner personally, or by enforcement of the lien upon the property subject thereto.”
The “ owner ” referred to in section 626 must, as a general rule, be one having a freehold estate in the premises asssssed: Perhaps exceptions to -the rule exist. See Rev. Stats. §§ 2733, 1181. The term “ owner ” does not, as a general rule, include the holders of chattels real. The assessment is on land, and it is an owner of land who is. liable to the personal judgment. We are clear that the term “ owner” does not include one having no other interest than as lessee for a term of ten years. Any other construction would lead to absurd consequences. A tenant holding for a month might be personally bound for permanent public improvements of the most expensive character.
*27 Where a party is personally liable for an assessment, his liability is precisely commensurate with the lien upon the property. The only express exception to the rule that such party must be the owner of the fee, is found in section 511 of the municipal code, which, as amended in 1870 (G7 Ohio L. 80), is as follows: “ Where a special assessment is made on real estate subject to a life estate, such assessment shall bo payable by the tenant for life; but upon application by said life tenant to a court of proper jurisdiction, by action against the owners of the estate in fee, such court may apportion the cost of said assessment between said tenant for life and owner in fee, in proportion to the relative value of said improvement to their estates respectively, to be ascertained and determined by said court on principles of equity.” Other exceptions to the rule may exist, as already indicated.
But it is urged that here was a lease in which Davis expressly bound himself to pay all assessments, and that this lease had been renewed, so that it was in full force when the improvement was projected, and when the assessment became a lien upon the property; and that, in order to prevent circuity of action, a suit may be maintained by the city directly against Davis. But the liability to a personal judgment for an assessment of this character is statutory; such liability is confined to the owner of the property, and Davis, as we have seen, is not such owner.
We express no opinion upon the question whether, by foi'ce of the parol agreement between the owners of the fee and Davis, the liability of the latter to pay assessments did or did not continue after February 1,1872. But assuming that it continued to be, in all respects, the same that it had been during the preceding ten years, still the agreement between the parties cannot be considered in this statutory action. Whatever liability from Davis to the owners of the fee may exist, is a matter entirely between themselves, and with which the city and Nolte have no concern.
The judgment against Davis will be reversed, and the order of sale will be affirmed.

Judgment accordingly.